Good morning, Curtis Olafore, the appellant here. I should note that the appellant appeared in district court in Pro Prima Fasana in this age discrimination case. The issues are relatively short and relatively simple. We think that in this age discrimination case, the district court erred in suggesting that the plaintiff did not make a prima facie case because the differences in ages were insignificant and that there was no adverse employment action against the plaintiff. The plaintiff claimed that she was entitled to a couple of positions she didn't get and instead were given to younger persons, one 14 years younger than she and the other 6 years younger than she. Let's assume for just a second that you are correct that a prima facie case of age discrimination was established. Then we have the situation where Griffin articulated at least a legitimate non-discriminatory reason for his actions. So what was the showing that your side made to show that that was a pretext covering up age discrimination? Well, first I'll mention again, I appeared only in beginning with the appeal of this matter. But the showing that was made by this plaintiff was that there was no logical basis for Mr. Griffin's actions. In fact, the reasons that he came up with were developed later on. In fact, the reasons he gave were contrary to the post office's own rules and violated their own rules. In fact, this plaintiff was punished for her competence and her ability to do the job. And she was not allowed in those positions and instead younger women were placed into those positions. And no valid reason was given for that other than the fact that Mr. Griffin said he wanted to check them for KSA knowledge, skills, and ability. In other words, to give them some training. But those reasons were absolutely contrary to the specific guidelines of the Postal Service that set out rules for allowing people to get training. The result is that the plaintiff, 57 years of age, lost her job to women who were younger than she was. But our concern is that the district court, in fact, weighed evidence, considered the credibility of the information that was presented, and decided conflicting evidence against this plaintiff. We think that there were substantial issues here involved that should have been tried by a jury, and she had demanded a jury trial. We think that the court should not have undertaken on its own to make these determinations. In other words, what really were Mr. Griffin's reasons for taking these actions? Because the reasons he gave were violative of the law. Well, the regulations that I think you're referring to don't apply to Robinson because her acting manager position was only temporary. Am I wrong about that? Yes, I think you are wrong. The point is that the rules apply across the board. She was in, had been in this, they refer to it as a temporary position, but she had been, and it's customary practice of Postal Service, to place people in these acting temporary positions for substantial periods of time. She was making more money in that position, and she was being groomed for a higher position. So she was entitled to the protection of those rules, and you don't fire somebody to train somebody from the job if they're performing their duties competently. And that's why the regulations were set up to make the process fair. Mr. Ohler, at the time Bray was hired or put into this position, wasn't Ms. Robinson out ill? Hadn't she suffered a heart attack or something at the same time? Yes, she was. In any case, she had suffered a heart attack, but Mr. Griffin also knew that she wanted to work. Wasn't available to work, was she, at that time? She returned a week before the woman was placed in a position. She was back at work. How long was she out? Apparently, just a relatively short period of time. And the reason she suffered this heart attack was because she had been treated so miserably, Mr. Griffin had promised her the position. And she was available for the position, and she could have been and should have been placed in the position. In any event, I'll reserve the rest of my time. Yes, you have about five minutes, Mr. Ohler. Thank you. Good morning, Your Honors. Stephen Salthill, appearing on behalf of the Appellee Postmaster General. As counsel has corrected, noted there are two issues in this case. First, whether the appellant established a prima facie case of age discrimination. And secondly, if she did, whether she presented sufficient evidence to create an issue of fact as to pretext. There were two positions that Ms. Robinson laid claim to in this case. The first is a position that was referred to in the record as the acting manager for the platform area. That's a position she indeed held in a temporary status for two years, from 1997 to 1998. And Mr. Griffin reassigned her from that position back to her permanent line supervisor job. The second position was the position that Ms. Gray was placed in, was the acting manager job for the first floor. That position, as we pointed out in our brief, she actually never held. She, in fact, did not request and she admitted in her deposition that she did not request it. And as Your Honor pointed out, in fact, she was out on leave when the position was filled. So for that reason, we submit she did not state an adverse action to establish a prima facie case for that position. The other position the district court correctly held, we submit that the age differential was not significant enough to establish a prima facie case. The only evidence that the plaintiff submitted in support of her prima facie case was the difference in age. There's no evidence, for example, that the decisionmaker made any ageist remarks that would could create an inference that the decision was based on age. With respect to the pretext issue of the age difference at the time. At the time, the age difference was six years for the position that Ms. Bell took. With respect to the pretext issue, if I could just respond to a couple of things that counsel said. The legitimate nondiscriminatory reason that was testified to by Mr. Griffin was first that he wanted to let other people develop managerial skills so he could have them available to serve in temporary capacity when the need arised. He also wanted to give them a chance to compete eventually for a promotion when vacancies opened. During the time period at issue in this case, there were no vacancies. These were all temporary assignments. The other side tells us that what was done was in violation of rules and regulations. Your response to that is what? Yes. The specific rule that is referred to and that appears in the record, appears at page 79 in the record, is the Employment Manual Policy 351.4. That policy does, by its terms, apply to both assignment and promotion. So I don't think the fact that this was a temporary assignment means that this does not apply to this assignment, for example. No, this does apply. It applies to the assignment by its terms to any of these people temporarily. However, all that that says, that provision, is that the opportunity for assignment and promotion must be based on merit. And then it says that selections will be made without discrimination based on race, color, sex, age, and various protected criteria. To say that the Postal Service violated that provision is to jump to the ultimate conclusion that the plaintiff has to reach in this case that this was age discrimination. There's no evidence, independent of the allegations raised by the plaintiff, that this provision was violated. There's also no evidence that Mr. Griffin came up with these explanations after the fact. I believe the source of the testimony is Mr. Griffin's testimony in an administrative proceeding below, before the EEOC, and that's when he testified regarding these provisions. The only evidence that the plaintiff presented to defeat summary judgment is her testimony that Mr. Griffin's decision was made after she informed him that she was going to be retiring in July of 2000. And as we've argued in our brief, even if that's true, that's not an unlawful reason under the ADEA, citing the Supreme Court's decision in the Hazen paper against Biggins. If he did, in fact, reassign her because she told him that she was going to retire in a year, it does not follow that he was motivated by her age. Under those circumstances, he had a legitimate business reason to prepare for her ultimate departure and the impact that would have on operations. There's no evidence that Mr. Griffin's decision was based on some inaccurate stereotype that he had for older workers. In fact, he testified that Ms. Robinson did an excellent job as manager. The only evidence is that his decision was made after the appellant informed him that she was going to leave. We submit that this is no different than had she said she was going to take another job. Or move to another state. He had to prepare for that. And it was he could take within the reasoning of the Hazen paper case, he could take that factor into consideration while ignoring her age. There are two. Did he say he took that factor into consideration and that's what he was doing? He knew she was going to leave, so he was preparing other people to take over? He did not say that. I didn't see that either. He didn't say that. What he said was he wanted to have other people prepared to act in that position if the need arises, as, in fact, it did. So I would submit they're not entirely inconsistent. One other point, Your Honor, just with respect to counsel's noting that Ms. Robinson was pro se below. In fact, she was pro se below. But there's no indication that she didn't have an opportunity to present her case. She was asked very plainly in her deposition why she thinks that these decisions were made based on her age. And she presented evidence in response to that. Unless Your Honors have any further questions, I'll pass it. No, thank you. Mr. Oler. Well, we've heard the appellee's argument. All we're saying is let a jury decide what the defendant's motivations really were. She was in that position. She was, in fact, in that position and performing it admirably. So why would you remove her from that position and put two younger women into that position? Also, as a matter of fact, she was being paid at a grade 24 rate in that position. And she was returned to a grade 16 position. So definitely she was adversely impacted. And if the panel has no questions, we'll submit. Okay. Thank you, Mr. Oler. The matter will be submitted at this time. Thank you. Next case is Weaver v. City and County of San Francisco.
judges: Trott, T.G. Nelson, Paez